IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| **SHERRY FRANEK** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 5:21-cv-127** |
| | § | |
| **FERGUSON ENTERPRISES, LLC,** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331–32, Defendant Ferguson Enterprises, LLC ("Ferguson" or "Defendant") hereby removes the above-styled civil action currently pending in the 72nd District Court of Lubbock County Texas, Cause No. 2021543893, to the United States District Court for the Northern District of Texas, Lubbock Division.

## I. STATEMENT OF THE CASE

On April 22, 2021, Sherry Franek ("Franek") filed Plaintiff's First Amended Original Petition[1] in Cause No. 2021543893, styled *Sherry Franek v. Ferguson Enterprises, LLC*, in the 72nd District Court of Lubbock County, Texas. Franek brings suit for violations of section 21 of the Texas Labor Code, alleging that Ferguson discriminated against her on the basis of age, sex, and disability. Ferguson was served on April 28, 2021. *See* **Exhibit A-10**.

---

[1] A copy of Plaintiff's First Amended Original Petition is attached as **Exhibit A-6** (Petition). The First Amended Original Petition is the first petition to name Ferguson Enterprises, LLC as a defendant.

## II. GROUNDS FOR REMOVAL

**A.** <u>**Diversity Jurisdiction**</u>

### a. The Parties are Citizens of Different States

Because there is complete diversity of citizenship between Plaintiff and Ferguson, removal is appropriate. *See* 28 U.S.C. § 1332(a); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990) (diversity jurisdiction requires that no plaintiff be from the same state as any defendant); *Strawbridge v. Curtiss*, 7 U.S. 267, 2 L. Ed. 435 (1806).

Ferguson Enterprises, LLC is a Virginia limited liability company. *See* **Exhibit B** (Declaration of Laura Maxson ("Maxson Decl.") at ¶ 4). Because it is a limited liability company, rather than a corporation, the Court determines its citizenship by looking to the citizenship of its members. *See Settlement Funding, LLC v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) ("A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation."); *MidCap Media Fin., LLC v. Pathway Data, Inc.*, No. 1:15-CV-0060 AWA, 2020 WL 773442, at *2 (W.D. Tex. Feb. 18, 2020) ("[T]hus the inquiry requires determining the citizenship of each member within the MidCap chain of membership on the date this suit was filed."). The Court may stop moving up the chain of ownership when it reaches an LLC whose members are only individuals or corporations. *See Nunez v. ACE Am. Ins. Co.*, No. CV 17-1593-JJB-EWD, 2017 WL 6997341, at *4 (M.D. La. Dec. 28, 2017*), report and recommendation adopted*, No. CV 17-1593-BAJ-EWD, 2018 WL 493398 (M.D. La. Jan. 16, 2018) ("[F]or each member of an LLC that is itself an LLC or partnership, its members and their citizenship must be identified and traced up the chain of ownership until one reaches only individuals and/or corporations because only natural person and corporations have a legal existence—for diversity purposes—that is not

dependent on the citizenship of their constituent members.") (internal quotations omitted); *see also United States Liab. Ins. Co. v. M Remodeling Corp.*, 444 F. Supp. 3d 408, 410 (E.D.N.Y. 2020) ("[I]f any of an LLC's members are themselves *non-corporate* entities, then a plaintiff must allege the identity and citizenship of their members[.]") (emphasis added).

Ferguson Enterprises, LLC has only one member: it is wholly owned by Ferguson US Holdings, Inc., a Virginia corporation with a principal place of business in Virginia. *See* Maxson Decl. at ¶ 5. "For the purposes of diversity jurisdiction, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business." *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014). A corporation's "principal place of business" is where its "nerve center" is located. *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010). Ferguson US Holdings, Inc. is a citizen of Virginia for a number of reasons. First, it is incorporated in that state. *See* Maxon Decl. at ¶ 5. Second, the corporation's headquarters are located in Newport News, Virginia. *Id.* Newport News is where the corporation's officers and directors are located, and where they engage in "direction, control, and coordination" of the corporation's activities.[2] *Id.* Decisions about the corporation's "business strategy and finances are decided in Newport News." *Id.* Newport News is also where the corporation's corporate records are stored. *Id.*

Accordingly, Ferguson Enterprises, LLC is a citizen of Virginia. Plaintiff is a citizen of Texas. *See* Petition at II; *see also* **Exhibit C** (Declaration of Teresa Cooper ("Cooper Decl.") at ¶ 6) (establishing that Franek's last known address is in Slaton, TX). As a result, there is

---

[2] Ferguson US Holdings, Inc. is a holding company. *See* Maxson Decl. at ¶ 5. This does not change the analysis. Courts still consider where the holding company's nerve center is located, even the only business of the entity is management of its assets. *Johnson v. Smithkline Beecham Corp.*, 724 F.3d 337, 353 (3d Cir. 2013) (applying the nerve center test even though "all holding companies do is hold") (internal quotations omitted).

complete diversity between the parties.

### b. The Amount in Controversy Exceeds $75,000

In order to establish diversity jurisdiction, the amount in controversy must exceed $75,000.[3] *See* 28 U.S.C. § 1332(a). Plaintiff's Petition states that 72nd District Court of Lubbock County, Texas has jurisdiction "because the damages are in excess of $500." *See* Petition at II. This pleading violates the Texas Rules of Civil Procedure because it does not include a damages bracket. *See* Tex. R. Civ. P. 47(c). But Plaintiff's failure to properly plead damages does not prevent removal.

"In removal practice, when a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). The district court must first examine the plaintiff's pleading "to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *Id.*

Specifically, in employment cases, courts have held that the amount of back pay, alone, sought by a plaintiff may satisfy the amount in controversy. *Hanson v. K Mart Corp.*, No. EP-08-CA-267-FM, 2008 WL 4372701, at *4 (W.D. Tex. Sept. 11, 2008) ("Defendant has

---

[3] By providing an analysis of the amount in controversy, Ferguson makes no admission of liability or plaintiff's entitlement to any damages. *See Plyler v. Whirlpool Corp.*, No. 08 C 6637, 2012 WL 469883, at *2 (N.D. Ill. Feb. 13, 2012) ("[A] defendant's statement in a Notice of Removal concerning the amount in controversy does not constitute a judicial admission to plaintiff's ultimate damage entitlement."). To find otherwise "would result in a minimum recovery of $75,000 in every removal action because removing defendants would be judicially estopped by their assertions that the amount in controversy exceeds $75,000." *Mechler v. John Hancock Life Ins. Co.,* No. 07 C 0724–CB–M, 2008 WL 4493230 at *6 (S.D.Ala. Sept. 30, 2008).

demonstrated back pay alone could satisfy the amount in controversy based upon the salary Plaintiff was receiving when she was terminated."). When a plaintiff alleges punitive damages, front pay, and attorneys' fees, as Franek does here (*see* Petition at Prayer, ¶¶ 2, 4–5), the jurisdictional minimum is further established. *Goosens v. AT&T Corp.*, No. EP-00-CA-002-DB, 2000 WL 33348222, at *2 (W.D. Tex. Apr. 3, 2000) ("Plaintiff also seeks punitive damages which, in all likelihood, would be at least equal to the amount of compensatory damages Plaintiff claims, which the Court already noted above are likely to meet the amount in controversy alone."); *Finley v. Network Commc'ns, Inc.*, No. 3:10-CV-1575-B, 2010 WL 4628108, at *3 (N.D. Tex. Nov. 5, 2010) (same, collecting cases).

At the time she was terminated, and based on her last few years of employment, Plaintiff received annualized earnings of over $157,701. (*See calculation infra.*) Because Plaintiff seeks back pay for the past 23 months (and counting),[4] and because her Prayer asks for an award of all back pay to which she may be entitled, it is evident that the Plaintiff seeks relief in excess of $75,000. *See* Petition at Prayer, ¶ 2 (seeking the court to "[d]irect the Defendant party to pay Plaintiff all back pay, front pay, and all other benefits, increments, etc., to which they [sic] are entitled").

In 2017, Plaintiff's W-2 earnings from Defendant were $164,015.41. *See* Cooper Decl. at ¶ 3. In 2018, Plaintiff's W-2 earnings from Defendant were $158,753.29. *Id.* at ¶ 4. In 2019, Plaintiff's last pay check was for the pay period ending June 28, 2019. *Id.* at ¶ 5. For the partial year that she worked between January 1, 2019 and June 28, 2019, Plaintiff's W-2 earnings from Defendant were $71,483.78. *Id.* Thus, on an annualized basis she earned approximately **$157,701**

---

[4] Plaintiff's last pay check was for a period ending June 28, 2019. *See* Cooper Decl. at ¶ 5. Since that date, 23 months have passed to the present (July 2019 – May 2021).

over her last 2.5 years of employment with Defendant ($164,015.41 + $158,753.29 + $71,483.78)/2.5 years = $157,700.99/year). The claim for back pay alone for 23 months since her final pay period would amount to damages of **$302,260.25** ($157,701/12 months = $13,141.75/month X 23 months = $302,260.25).[5] Even if Plaintiff argues that her earnings were trending down in 2019 at the time of her termination, her annualized earnings in 2019 were still $142,967.56 ($71,483.78 X 2 = $142,967.56), which would amount to back pay of $274,015.41 ($142,967.56/12 months = $11,913.71/month X 23 months = $274,015.41).

Additionally, Plaintiff seeks liquidated damages equal to the sum of damages awarded for back pay. *See* Petition at Prayer ¶ 3. As Ferguson explains further below, liquidated damages are not available for Plaintiff's claims under Texas state law. However, liquidated damages are available under the ADEA, upon a finding of willfulness. *Tyler v. Union Oil Co. of California*, 304 F.3d 379, 401 (5th Cir. 2002) (mandating an award of liquidated damages equal to the amount of a back pay award upon a finding of willfulness). If Plaintiff is awarded liquidated damages as she has requested, then her potential recovery (and amount in controversy) would rise from $302,260.25 to $604,520.50.

Plaintiff also seeks punitive damages, which are available under the Texas Commission on Human Rights Act ("TCHRA"), and which would be capped at $300,000. *See* Tex. Lab. Code § 21.2585(d). Attorneys' fees, even in an unknown amount, are also "properly added to the calculation." *Goosens*, 2000 WL 33348222, at *2. Accordingly, there is no genuine dispute as to any material fact that the $75,000 jurisdictional minimum is satisfied.

---

[5] Courts calculate back pay for purposes of ascertaining amount in controversy simply by multiplying the plaintiff's salary by the number of months for which she seeks back pay. *See Finley*, 2010 WL 4628108, at *3 n.2 ("Plaintiff alleges that her income was $40,000 plus commission, phone, and mileage. The time between firing and filing of lawsuit was over a year. Thus, her claim for back pay necessarily exceeds $40,000.") (citation omitted).

B.    **Federal Question Jurisdiction**

This Court also has jurisdiction because this action arises under the laws of the United States. *See* 28 U.S.C. § 1331. It is true that Plaintiff styles her claims as arising under Texas state law, specifically under the TCHRA related to claims of age, sex, and disability discrimination. *See* Petition at IV. But that is not the end of the inquiry. Plaintiff also seeks liquidated damages, which are unavailable under the TCHRA. *See* Tex. Lab. Code § 21.258; *cf.* Petition at Prayer ¶ 3. Such relief would, however, be available pursuant to an age claim under the ADEA upon a finding of willfulness. *Tyler*, 304 F.3d at 401.

When a Plaintiff seeks relief that is not available on her state law claims, but only pursuant to federal law, she introduces a federal question, irrespective of how her claims are styled. *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001). In *Medina*, the plaintiff brought suit alleging age discrimination and retaliatory discharge under the TCHRA. *Id.* at 679. Importantly, the plaintiff alleged that he was entitled to liquidated damages. *Id.* at 680. The defendant removed the case to federal court, and the plaintiff filed a motion to remand, which the district court denied. *Id.* On appeal, the Fifth Circuit noted that liquidated damages are not available under the TCHRA. *Id.* As a result, it affirmed the district court's denial of the plaintiff's motion to remand: "From the face of Medina's well-pleaded complaint, it is clear that Medina is not proceeding on the exclusive basis of state law. Instead, the damages he seeks are authorized only by federal law. Therefore, the district court's denial of Medina's motion to remand was appropriate." *Id.* (citation omitted); *see also Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 309 (5th Cir. 2014) (citing *Medina* and finding federal question jurisdiction when a plaintiff incorporated into his Complaint his EEOC Charge—which alleged violations of Title VII—even when the Complaint itself alleged only state law claims, because the Charge sought

relief under federal law).

The same result should apply here. Plaintiff seeks relief—the exact same relief at issue in *Medina*—that is not available to her under the TCHRA and only available under federal law. As a result, her pleadings implicate a federal question, and furnish this Court with jurisdiction.

### III. THE PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED

Franek served Ferguson with her Petition on April 28, 2021. *See* Petition at 1. Accordingly, removal is timely. *See* 28 U.S.C. § 1446(b). Venue for this removal is likewise proper to the United States District Court for the Northern District of Texas, Lubbock Division, because this district and division includes Lubbock County, Texas, where Franek's Petition is pending. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 124(a)(7) (stating that the Lubbock Division of the Northern District of Texas includes Lubbock County).

Additionally, Notice of Removal of this matter is timely sent to the state court where the action is pending. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served in the state court action, including the Complaint, are attached as exhibits. *See* **Exhibits A-1– A-11**

### IV. CONCLUSION

In summary, this Court has diversity and federal question jurisdiction over this action, and this Notice of Removal is timely. The parties are diverse, and based on Plaintiffs' demand for damages, the amount in controversy exceeds $75,000. Plaintiff also seeks liquidated damages, which are only available to her under federal law. Accordingly, removal is proper.

Dated: May 27, 2021                    Respectfully submitted,

                                       /s/ Joel S. Allen
                                       Joel S. Allen
                                       Texas Bar No. 00795069
                                       jallen@mcguirewoods.com
                                       Melissa M. Hensley
                                       Texas Bar No. 00792578
                                       mhensley@mcguirwoods.com
                                       Alexander J. Toney
                                       Texas Bar No. 24088542
                                       atoney@mcguirewoods.com
                                       McGuireWoods, LLP
                                       2000 McKinney Avenue
                                       Suite 1400
                                       Dallas, TX 75201
                                       Telephone: 214.932.4640
                                       Facsimile: 214.932.6499

                                       *ATTORNEYS FOR DEFENDANT*
                                       *FERGUSON ENTERPRISES, LLC*

## CERTIFICATE OF SERVICE

I certify that on May 27, 2021, the foregoing document was served via the Court's CM/ECF filing system on the following counsel of record:

J. Paul Manning
FIELD, MANNING, STONE,
HAWTHORNE & AYCOCK, P.C.
2112 Indiana Avenue
Lubbock, Texas 79410-1499
 jpmanning@lubbocklawfirm.com

                                       /s/ Joel S. Allen