Filed 4/8/2021 4:11 PM
Barbara Sucsy
District Clerk
Lubbock County, Texas
BT

## NO. 2021543893

| | | |
|---|---|---|
| SHERRY FRANEK,<br>*Plaintiff*, | § § § | IN THE **72ND** DISTRICT COURT |
| v. | § § § | OF |
| DOYEL FERGUSON ENTERPRISES, LLC,<br>*Defendant*. | § § § § | LUBBOCK COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, SHERRY FRANEK, Plaintiff, complaining of DOYEL FERGUSON ENTERPRISES, LLC, Defendant herein, and for cause of action would show:

### I.

### DISCOVERY LEVEL

Discovery in this case will proceed under Level 2, TEXAS RULE OF CIVIL PROCEDURE 190.3.

### II.

### PARTIES, JURISDICTION AND VENUE

Plaintiff, SHERRY FRANEK, is a resident of Lubbock County, Texas.

Defendant, DOYEL FERGUSON ENTERPRISES, LLC ("FERGUSON"), is an entity that may be served with process by serving the Registered Agent, Doyel Ferguson, 3820 28th St., Lubbock, TX 79410-2506.

As a court of original jurisdiction, this Court has jurisdiction over the civil action brought by Plaintiff pursuant to Tex. Const. art. V § 8 and Tex. Gov. Code § 24.007(b) because the damages are in excess of $500.

Venue is proper in Lubbock County, Texas, under Tex. Civ. Prac. & Rem. Code § 15.002(a)(1) because all of the events giving rise to the claim occurred in Lubbock County, Texas.

Plaintiff has satisfied all conditions precedent to initiating this court action: i) Plaintiff timely filed a dual charge of age, sex, and disability discrimination with the Texas Commission on Human Rights and the Equal Employment Opportunity Commission; ii) the agencies were not able to resolve the respective controversies; iii) the agencies issued a "right-to-sue" notice to Plaintiff, dated January 27, 2021, informing and advising her that it was unable to resolve the controversy and that it was not prepared to take further efforts; and iv) Plaintiff has timely filed this action in this Court following receipt of the respective right-to-sue notices.

## III.

### FACTUAL BACKGROUND

Plaintiff was an exceptional employee of Ferguson for over twenty-six (26) years. Her productivity and professionalism were sustaining attributes of Ferguson. Notwithstanding this long and productive relationship, on June 8, 2019, she was abruptly terminated.

At the end of 2018, Plaintiff began having severe migraines and temporarily lost vision in her right eye. After tests, including an MRI, it was discovered that she had "white spots" on her brain symptomatic of MS. From that time on, she was under a doctor's care. In 2019, Plaintiff was told by management that her doctor's visits were excessive, and she must start requesting permission before making any doctor appointments even though she had not used all of the sick

leave she had earned. Nevertheless, she complied. Plaintiff was the only employee who was required to seek permission before making doctor's appointments.

Further, after Plaintiff's diagnosis, she was told that customers had complained about her performance on several occasions. Each time she asked for specifics, she was only told that it was irrelevant. Plaintiff was even brought in and counseled on alleged complaints on several occasions, but never was given any specifics on complaints or specifics on issues regarding her performance.

The day before Plaintiff's termination, June 7, 2019, she had stepped outside to take a call. She was outside approximately 5 minutes when Jacob Criado, showroom manager, came out and yelled at her to clock out and go home which she did.

Approximately 30 minutes later, Plaintiff texted Jacob Criado to find out what she had done that was wrong and warranted such behavior. He simply instructed her to come back to work at 10:00 a.m. the following day to discuss it.

When Plaintiff arrived the next day, June 8, 2019, at 10:00 am, she was ushered into Marcus Wooley's office, manager in charge, where Jacob Criado and Robert Polka were waiting. Marcus began by saying he personally wanted to thank Sherry for everything she had done for the company over her many years, but unfortunately, he had to let her go. There was no reason given, nor any paperwork provided to her. She was then escorted to her desk by Robert Polka to gather her things.

At the time of Plaintiff's termination, she was fifty-one (51) years old and had worked for Ferguson for twenty-five and one-half (25 ½) years. During her employment with Ferguson, she was always in the upper percent of sales nationally and was the number one salesperson in the nation for three (3) years. Ms. Franek was the longest-tenured, highest-paid female employee at the Lubbock location. She was replaced by a younger, non-disabled male just out of college.

## IV.

### FIRST CLAIM FOR RELIEF

#### UNLAWFUL EMPLOYMENT PRACTICE: AGE DISCRIMINATION

Texas Labor Code § 21.051 makes it an unlawful employment practice to discriminate against a qualified individual in regard to any individual with respect to her compensation, terms, conditions, or privileges of employment, because of that individual's age.

Defendant is an employer under Texas Labor Code § 21.051.

Plaintiff is a member of a protected class as she is over the age of 40. Plaintiff was qualified for her position and was terminated from that position. Plaintiff's younger counterparts were not terminated, and her replacement was younger.

Plaintiff was meeting her employer's expectations.

Plaintiff was terminated as a direct result of discrimination against them by Defendant.

As a result of the discrimination, Plaintiff suffered an adverse employment action, namely, loss of annual salary and loss of their benefits inclusive of health, disability, and life insurance. Pursuant to Tex. Labor Code §§ 21.258 & 21.259, Plaintiff sues to recover judgment of and from Defendant for back pay and front pay based on a willful violation, together with prejudgment and post-judgment interest at the maximum rate allowed by law, reasonable attorneys' fees, expenses and expert fees, and costs of Court. Additionally, pursuant to Tex. Labor Code § 21.2585, Plaintiff seeks compensatory and punitive damages for the reckless and indifferent firing for which she brings suit.

## SECOND CLAIM FOR RELIEF

### UNLAWFUL EMPLOYMENT PRACTICE: SEX DISCRIMINATION

Texas Labor Code § 21.051 makes it an unlawful employment practice to discriminate against a qualified individual with respect to her compensation, terms, conditions, or privileges of employment, because of that individual's sex.

Defendant is an employer under the Texas Labor Code § 21.05.

Plaintiff is a member of a protected class as she is a female. She was qualified for her position and was terminated from that position. Her male counterparts were not terminated, and her replacement was a male.

Plaintiff was meeting her employer's expectations.

Plaintiff was terminated as a direct result of discrimination against her by Defendant.

As a result of the discrimination, Plaintiff suffered an adverse employment action, namely, loss of annual salary and loss of her benefits inclusive of health, disability, and life insurance. Pursuant to Tex. Labor Code §§ 21.258 & 21.259, Plaintiff sues to recover judgment of and from Defendant for back pay and front pay based on a willful violation, together with prejudgment and post-judgment interest at the maximum rate allowed by law, reasonable attorneys' fees, expenses and expert fees, and costs of Court. Additionally, pursuant to Tex. Labor Code § 21.2585, Plaintiff seeks compensatory and punitive damages for the reckless and indifferent firing for which she brings suit.

### THIRD CLAIM FOR RELIEF

### UNLAWFUL EMPLOYMENT PRACTICE: DISABILITY DISCRIMINATION

Texas Labor Code § 21.051 makes it an unlawful employment practice to discriminate against a qualified individual with respect to her compensation, terms, conditions, or privileges of employment, because of that individual's disability.

Defendant is an employer under the Texas Labor Code § 21.05.

Plaintiff is a member of a protected class as she has been diagnosed with multiple sclerosis – a disability. She was qualified for her position and was terminated from that position. Her non-disabled counterparts were not terminated, and her replacement was a non-disabled person.

Plaintiff was meeting her employer's expectations.

Plaintiff was terminated as a direct result of discrimination against her by Defendant.

As a result of the discrimination, Plaintiff suffered an adverse employment action, namely, loss of annual salary and loss of her benefits inclusive of health, disability, and life insurance. Pursuant to Tex. Labor Code §§ 21.258 & 21.259, Plaintiff sues to recover judgment of and from Defendant for back pay and front pay based on a willful violation, together with prejudgment and post-judgment interest at the maximum rate allowed by law, reasonable attorneys' fees, expenses and expert fees, and costs of Court. Additionally, pursuant to Tex. Labor Code § 21.2585, Plaintiff seeks compensatory and punitive damages for the reckless and indifferent firing for which she brings suit.

### V.

### JURY DEMAND

Plaintiff requests a jury trial on all claims.

PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests that the Court assume jurisdiction and:

1. Declare the conduct of the Defendant to be in violation of rights guaranteed to the Plaintiff under appropriate state law;

2. Direct the Defendant party to pay any Plaintiff all back pay, front pay and all other benefits, increments, etc., to which they are entitled;

3. Direct the Defendant party to pay liquidated damages equal to the sum of all damages awarded to Plaintiff for all back pay, front pay and all other benefits, increments, etc. to which they are entitled;

4. Award the Plaintiff punitive damages consistent with Tex. Labor Code § 21.2585;

5. Award the Plaintiff costs and reasonable attorney's fees;

6. Award the Plaintiff all other relief that is just, reasonable, and appropriate and necessary to correct the illegality and wrong done to the Plaintiff.

Respectfully submitted,

/s/ J. Paul Manning
J. PAUL MANNING
Texas State Bar No. 24002521

FIELD, MANNING, STONE,
　HAWTHORNE & AYCOCK, P.C.
A Professional Corporation
2112 Indiana Avenue
Lubbock, Texas 79410-1499
806/792-0810 (Telephone)
806/792-9148 (Facsimile)
Email: jpmanning@lubbocklawfirm.com

ATTORNEYS FOR PLAINTIFF